UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>PARULIAN SITORUS,<br><br>Defendant-Movant. | No.  2:03-cr-00253-DAD<br><br>ORDER DENYING REQUEST TO SEAL CONVICTION AND RE-CLOSING CASE<br><br>(Doc. Nos. 19) |

On July 8, 2003, movant entered a plea of guilty to the charge of student loan fraud in violation of 20 U.S.C. § 1097.  (Doc. No. 5.)  On October 28, 2003, District Judge Lawrence K. Karlton, who was then presiding over this case, sentenced movant to a 60-month term of probation, imposed the mandatory $100 penalty assessment and ordered him to pay restitution of $48,690.  (Doc. Nos. 12, 13.)  After complying with the restitution order in full, as well as with the other terms of his probation, on May 11, 2006, movant requested his early termination from probation and on May 26, 2006, Judge Karlton granted that motion, terminated probation and the case was closed.  (Doc. Nos. 15, 16.)

Now before the court is movant's petition for criminal record relief and to seal his conviction permanently which was filed on February 16, 2023.[1]  (Doc. No. 19.)  Movant's

---

[1] On February 21, 2023, this reopened case was reassigned to the undersigned.  (Doc. No. 20.)

petition contains no argument, nor is any legal authority cited in support of his request.  The undersigned understands movant's desire to seal the criminal conviction entered in this case and in no way views the request as an unreasonable one under the circumstances.  Unfortunately, in cases such as this one where the validity of the conviction is not being challenged, the law appears clear that federal courts lack jurisdiction to expunge or seal criminal convictions on equitable grounds unless specifically provided for by statute or constitutional provision.  See *United States v. Batmasian*, — F.4th —–, 2023 WL 2623578, at *4 (11th Cir. Mar. 24, 2023); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) (citing cases); *United States v. Meyer*, 439 F.3d 855, 859–60 (8th Cir. 2006); *Doe v. United States*, 168 F. Supp. 3d 427, 439 n.31 (E.D.N.Y. 2016) (citing cases); *see also United States v. Dowdy*, No. 5:07-cr-50042, 2020 WL 5603927, at *5 (W.D. Ark. Sept. 18, 2020) (denying both a request to seal and to expunge).  It also appears that no statute or constitutional provision authorizes the court's granting of the relief requested here.

For these reasons,

1. Movant's February 16, 2023 petition for criminal record relief and to seal his conviction permanently (Doc. No. 19) is denied; and
2. The Clerk of the Court is directed to again close this case.

IT IS SO ORDERED.

Dated:  **April 7, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE